

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>GABRIEL EMILIO GOMEZ,<br><br>                              Defendant. | Case No.: 22-cr-01163-GPC-4<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>**[ECF No. 242]** |

On July 3, 2023, this Court convicted Gabriel Emilio Gomez ("Defendant") of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 846.  ECF No. 206.  The Court sentenced Defendant to 49 months of imprisonment followed by three years of supervised release.  ECF No. 206 at 2-3.

On February 6, 2024, Defendant filed a pro se motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c) pursuant to the recently enacted zero-point offender provision of U.S.S.G. § 4C1.1.  ECF No. 242 at 1.  The government filed a response in opposition.  ECF No. 254.  The government argues a reduction is unwarranted because

1

22-cr-01163-GPC-4

Defendant's imposed sentence already falls below the amended guidelines range. *Id.* at 2-3.

A defendant is eligible to receive the benefit of a retroactive two-point offense level reduction if the defendant is a zero-point offender, meaning they "present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a)." *United States v. Valenzuela*, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024). However, even if a defendant meets the § 4C1.1(a) requirements, a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

At sentencing, the government, the defense, and the Court found the appropriate guideline range to be 108 to 135 months based on an offense level of 31.[1] ECF No. 196. Including § 4C1.1(a)'s two-level reduction, Defendant's advisory guidelines range is 87 to 108 months. Defendant's imposed term of 49 months is already below this advisory range. ECF No. 206 at 2. Therefore, the Court may not reduce Defendant's sentence. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range[.]").

For the reasons set forth, the Court DENIES Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED.**

---

[1] All parties agreed on this initial guideline range before Defendant's requested variances. *See* ECF No. 194; ECF No. 196. However, Defendant requested additional variances, including for youthfulness at the time of the offense, withdrawal from further criminal conduct, and for having zero criminal history points. ECF No. 194.

1 | Dated: July 24, 2025

*[Signature]*
Hon. Gonzalo P. Curiel
United States District Judge